IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD TERRY | : |
| | : |
| v. | : |
| | :   No. 08-3015 |
| MIDLAND MORTGAGE COMPANY | : |

**MEMORANDUM**

Ludwig, J.                                                                                                     April 28 , 2009

      This action involved a real property dispute.[1] Jurisdiction is federal question. 28 U.S.C. § 1332. On June 27, 2008, plaintiff Donald Terry filed a pro se "Motion to Proceed in Forma Pauperis" supported by a "Statement in Support of Request to Proceed in Forma Pauperis" (docket no. 1). The statement averred that plaintiff was not employed, had received no money from a business, profession or self-employment in the preceding 12 months, owned a savings account with a balance of $150, and owned no real estate. Statement, docket no. 1. On June 30, 2008, on the basis of his statement, plaintiff's motion was granted.

      Defendant now moves for dismissal on the ground that assertions made in support of the request for in forma pauperis status were false.[2] These assertions are contradicted as

---

[1] The complaint alleges that defendant changed the locks on plaintiff's property when he became delinquent on his loan. Defendant did not commence foreclosure proceedings and plaintiff has since regained access to the property. Complaint, (docket no. 3).

[2] With respect to actions in which a plaintiff is permitted to proceed in forma pauperis: "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Case 2:08-cv-03015-EL   Document 22   Filed 04/30/09   Page 2 of 4

follows:

1. During the period of approximately one year prior to the filing of this action, April 22, 2007 through May 6, 2008, plaintiff received 16 checks for photographic services, in amounts ranging from $75 to $400. Defendant's motion, Exhibit "A." Plaintiff's in forma pauperis statement did not disclose this purported income or its source.

2. On May 12, 2008, plaintiff deposited a check in the amount of $36,215.66 into his Beneficial Savings Bank checking account, and on June 2, 2008, transferred $35,000 to the savings account. Defendant's motion, Exhibit "B." Plaintiff's in forma pauperis statement values his savings account at $150.

3. At deposition, plaintiff admitted owning two parcels of real property in Philadelphia, 1913 S. Norwood Street and 1843 Gerritt Street. Defendant's motion, Exhibit "D" at 54, 68. Plaintiff's statement denies ownership of any real property.[3]

On March 22, 2009, plaintiff submitted a letter in response to defendant's motion.[4] The letter denies he is self-employed, and claims he volunteered his services to various community and non-profit associations from whom he received the checks attached to defendant's motion - but it does not deny receiving the payments. His letter does not refer

---

[3] It is of note that the gravamen of this action is that the defendant mortgage company has wrongly taken possession of plaintiff's real property located at 1913 S. Norwood Street. Complaint, docket no. 3. The complaint lists plaintiff's address as 1843 Gerritt Street. Id.

[4] The motion was filed on March 11, 2009, and the letter response was timely. On March 23, 2009, Damon K. Roberts, Esquire entered an appearance on behalf of plaintiff, and thereafter filed a second, but untimely, response to defendant's motion. Plaintiff has since requested that Mr. Roberts be removed as his counsel. Infra, note 5.

to the large deposit in his checking account except to state that he does not currently have a lump sum in his account, but rather, has set aside funds in a trust for his disabled granddaughter. Here again, he does not deny receipt of the payment. Also, plaintiff's letter response does not speak to his failure to identify his real property on the statement. March 22, 2009 letter, docket no. 17).

On April 8, 2009, plaintiff's newly retained counsel filed a second response to the motion.[5] With respect to the payments received for photography services, the response states that plaintiff "did not intentionally and knowingly conceal such payments," and that the payments are not income, but "payments for the benefit of a certain charitable organization." Response, ¶ 2 (docket no. 18). The May 12, 2008 lump sum payment is identified as a settlement of a Worker's Compensation matter. Response, ¶ 3. The failure to identify real estate is described as unintentional. Response, ¶ 5.

The ownership of real property, the possession of a sizable sum of money, and the apparent steady stream of payments for services render plaintiff's claim of poverty false, and, therefore, his case must be dismissed. 28 U.S.C. § 1915(e)(2)(A). <u>Thomas v. General</u>

---

[5] On April 9, 2009, plaintiff contacted the court directly by letter requesting that his counsel be removed from the docket and that he be permitted to represent himself. Docket no. 19. The letter describes the basis of plaintiff's dissatisfaction with his counsel, but does not disavow the statements made in the counseled response to defendant's motion. A subsequent letter from plaintiff's counsel states that he does not object to his removal from the case. Plaintiff's request will therefore be granted.

Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002).[6]

An order accompanies this memorandum.

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[6] "Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice." Id., citing 28 U.S.C. § 1915(e)(2)(A). Plaintiff's letter response to the motion states that he currently receives Social Security disability benefits because he suffers from memory loss, psychosis and "arthropathies." March 22, 2009 letter. During his deposition, he stated that he was confused by the statement accompanying his motion to proceed in forma pauperis. Defendant's motion, Exhibit "D." His counsel's submission reiterates that any inaccuracy was unintentional. Without proof that the inaccuracies included in the statement were deliberate, it would be inappropriate to dismiss the action with prejudice. See Portis v. Geren, 2007 WL 2461799, at *2 n.3 (M.D. Pa., filed Aug. 23, 2007) (citations omitted) ("[I]n cases where a plaintiff has been found to have knowingly or intentionally made false statement in an affidavit supporting an application to proceed in forma pauperis, courts may dismiss the action with prejudice.")